UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Drywall Tapers and Pointers of Greater New York
Local Union 1974, IUPAT, AFL-CIO,

          Plaintiff,

—v—

Pulco, Inc.,

          Defendant.

18-cv-4608 (AJN)

OPINION &
ORDER

ALISON J. NATHAN, District Judge:

The Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO (the "Union"), brings this action for unpaid benefit fund payments against Pulco, Inc., to confirm an award rendered by the Drywall Taping Industry Board (the "Board"). After Pulco failed to answer or otherwise respond, the Union moved for default judgment. For the reasons given below, the Court GRANTS that motion.

I.     BACKGROUND

Under the collective bargaining agreement between the Union and Pulco, grievances that were unable to be resolved by other means would go to the Board for adjudication. Dkt. 11-1, Art. XIII § 1. The Union brought an action for unpaid wages to the Board, and after Pulco failed to appear at a Board hearing, on June 24, 2016, the Board awarded the Union $1,835.28 in wages and benefits. Dkt. No. 11-3. On May 24, 2018, the Union filed a Complaint with this Court seeking to confirm the arbitration award. Dkt. No. 1. The Union filed an affidavit of service on Pulco on June 12, 2018. Dkt. No. 8. After Pulco failed to appear in this action, the Union requested a default, which was entered on September 26, 2018. Dkt. No. 16. The Union moved

1

for default judgement and filed a certificate of service with the Court indicating that the proposed default judgment and supporting documentation had been served on Pulco. Dkt. No. 13.

## II. LEGAL STANDARD

In general, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted). "Only a 'barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award." *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). And the award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

When a motion to confirm an arbitration is unopposed, courts treat it "akin to a motion for summary judgment." *Id.* at 109–10. Accordingly, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). And if the evidence submitted in support of the petitioner's motion to confirm "does not meet the movant's burden of production," then the motion must "must be denied *even if no opposing evidentiary matter is presented.*" *Id.* (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244 (emphasis in original)).

## III. ANALYSIS

The Court addresses the motion to confirm, the amount of damages, and the request for attorneys' fees in turn.

Under the extremely deferential standard of review applicable here, the Court finds that Petitioner has provided sufficient evidence that it is entitled to confirmation as a matter of law

2

since the facts in the record provide a basis for the Board's decision. Under Article XX, Section 1 of the collective bargaining agreement, Pulco was required to pay member benefits and wages. Dkt. 11-1. It failed to do so on three occasions for one Union member, failing to make $1,835.28 in contributions. Dkt. No. 11-3. The Board awarded the Union the sum of these missed contributions as a result. Dkt. No. 11-3 at 3. This record provides a sufficiently colorable justification to support the outcome reached. *D.H. Blair*, 462 F.3d at 110. Finally, the Court notes that there does not appear to have been a lack of notice of the Board hearing, as Notice of the Intent to Arbitrate was sent to Pulco and received prior to the hearing. Dkt. No. 11-3 at 3. Accordingly, the Court confirms the Board's award.

As to damages, the Court finds that the Union has met its burden of showing that it is entitled to $1,835.28 in damages, as well as interest and liquidated damages. The Board below found that the Union was entitled to the full $1,835.28 in missed contributions, and for the reasons above the Court sees no grounds on which to disturb this conclusion. Dkt. No. 11-3 at 3. The Union is also entitled to "interest on the unpaid contributions" pursuant to 29 U.S.C. § 1132(g)(2)(B). As the Union points to no provision specifying a rate under the plan, under § 1132(g), the Union is entitled to interest at the rate prescribed by 26 U.S.C. § 6621. Beginning on the date of the Board's decision on June 24, 2016, this produces interest of approximately $297.51. In addition, under § 1132(g)(2)(C), the Union is also entitled to an award of the greater of (1) interest on the unpaid contributions or (2) liquidated damages provided for under the plan, but not in excess of 20 percent. Under Article XX, Section 7(b) of the collective bargaining agreement, the Union is entitled to 30 percent liquidated damages for Pulco's delinquency in making the required contributions. The Court adjusts this down to 20 percent, resulting in $376.06 in liquidated damages. As $376.06 is greater than the interest owed on the unpaid

contributions, the Union is also entitled to this sum of liquidated damages as well.

Finally, the Union seeks $2,730 in attorneys' fees and $480 in costs. Under 29 U.S.C. § 1132(g)(2)(D), in any action on behalf of a benefits plan to enforce 29 U.S.C. § 1145, "the court shall award the plan . . . reasonable attorneys' fees and costs of the action." As this is an action for delinquent contributions against an employer covered by § 1145, the Union is entitled to reasonable attorneys' fees. The Union "bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *New York City Dist. Council of Carpenters v. Rock-It Contracting, Inc.*, No. 09-cv-9479 (AJP), 2010 WL 1140720, at *2 (S.D.N.Y. Mar. 26, 2010), *report and recommendation adopted*, No. 09-cv-9479 (JGK), 2010 WL 1558568 (S.D.N.Y. Apr. 19, 2010) (internal quotation marks and brackets omitted). The Union has attached timesheets showing 9.1 hours of billings at an hourly rate of $300 for an associate who has been admitted to the Southern District of New York for five years. Dkt. No. 11 at 3-4. Having reviewed the timesheets, the Court concludes that the hours billed are reasonable for a default judgment such as this. This hourly rate is consistent with those approved by courts in this district for associates in such actions. *New York City Dist. Council of Carpenters*, 2010 WL 1140720, at *2 (citing cases). The $480 in costs for filing and service are also reasonable. Dkt. No. 14. Accordingly, the Court awards the Union $2,730 in attorneys' fees and $480 in costs.

## IV.  CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's motion for default judgment. Plaintiff is awarded $1,835.28 in damages plus interest beginning on June 24, 2016, calculated at the rate prescribed under 26 U.S.C. § 6621. Plaintiff is also awarded $367.06 in liquidated damages and $3,210 in attorneys' fees and costs. The Clerk of Court is directed to enter judgment in this matter and close the case.

SO ORDERED.

Dated: September 27, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge